# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| DEJUAN PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-cv-0332 |
| | ) | |
| JOSHUA ROBERTSON and JAIME | ) | Judge Aleta A. Trauger |
| RICE, | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION FOR RECONSIDERATION OR, ALTERNATIVELY, TO SUPPLEMENT MOTION FOR SUMMARY JUDGMENT

Detective Jamie Rice and Officer Joshua Robertson ("Defendants") move the Court to reconsider its recent ruling exercising supplemental jurisdiction over Plaintiff Dejuan Parker's state law malicious prosecution claims. First, the balance of factors used in deciding to retain supplemental jurisdiction strongly favors denying pendent jurisdiction, even if defense counsel could have better articulated those factors in Defendants' summary judgment motion. Second, this case raises two novel issues of state law that, as a matter of comity, are best decided by Tennessee state courts—whether Defendants may be subject to state law malicious prosecution (1) in the absence of any legal process and (2) as a result of only arrest-related participation. If the Court refuses to reconsider its July 30, 2014 Order, Defendants alternatively request that the Parties be allowed to brief the "legal process" and "participation" elements as they relate to Tennessee state law, since these are matters of law that would be dispositive of the case.

1

1.  **The Court Should Reconsider Its Decision To Exercise Supplemental Jurisdiction Over the State Law Claims.**

"[A] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006); 28 U.S.C. § 1367(c)(3); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007); *Hankins v. The Gap, Inc.*, 84 F.3d 797, 803 (6th Cir. 1996); *Gaff v. Fed. Deposit Ins. Corp.*, 814 F.2d 311, 319 (6th Cir. 1987); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1983). "Comity to state courts is considered a substantial interest," and there is a "strong presumption" against the exercise of supplemental jurisdiction once all federal claims have been dismissed. *Packard v. Farmers Ins. Co. of Columbus*, 423 F. App'x 580, 584 (6th Cir. 2011).

The Court articulated three reasons for retaining jurisdiction: (1) a concern that Mr. Parker's claims may now be time-barred in state court; (2) a concern that the Court and Mr. Parker have already invested time and efforts in this case that would have to be duplicated in state court; and (3) the absence of a novel question of state law.

Respectfully, these concerns are misplaced. First, should the Court decline pendant jurisdiction, under 28 USC § 1367(d), Mr. Parker will still have thirty days to refile his case in state court. *Vertrue v. Vertrue, Inc.* (*In re Vertrue Mktg. & Sales Practices Litig.*), 719 F.3d 474, 480-82 (6th Cir. 2013) (adopting the "suspension approach," meaning that "the clock is stopped and the time is not counted—while the federal court is considering the claim and for thirty days after the claim is dismissed.")

2

(internal citations omitted). Thus, if Mr. Parker's claims are not foreclosed by the applicable statute of limitations in the present action, they will not be foreclosed in state court either.

Second, with respect to the resources expended by the Court and by Mr. Parker, the issues that will be relevant in the trial over the state law claims have not yet been addressed by this Court or the Parties. And while Defendants elected not to brief those elements and, in hindsight, should have,[1] that procedural posture also weighs in favor of declining supplemental jurisdiction. For example, in *Packard v. Farmers Ins. Co. of Columbus*, the Sixth Circuit considered whether the parties had "exerted time or effort in briefing the merits of the state law causes of action" when deciding whether to exercise supplemental jurisdiction. 423 F. App'x at 585. Finding that they had not, the *Packard* court concluded that factor "also weigh[ed] in favor of the decision to remand." *Id.*

The same is true here. The Parties have not briefed the state law claims at all,[2] and those claims are ripe for decision in the state court, which weighs in favor of declining to exercise supplemental jurisdiction. Discovery, on the other hand, has been taken for all claims and would not need to be duplicated in state court, which resolves the Court's concern about unnecessary duplicative efforts should the case be re-filed. In the end, the only issue that remains is briefing and hearing on the merits of Mr.

---

[1] Candidly, counsel for Defendants opted not to brief the merits of the state law claim given the relatively consistent pattern of the courts in this District declining to exercise supplemental jurisdiction over state law claims once federal claims are dismissed. Counsel apologize for this omission and, in the interest of their clients, respectfully request that the Court consider the arguments that it otherwise would have made.

[2] This Court has not addressed whether the "probable cause" and "malice" elements have been satisfied for purposes of Tennessee law. To that end, the Court is familiar only with Plaintiffs' version of the facts that might be relevant to those elements because Defendants conceded those elements for the purposes of summary judgment.

3

Parker's state law malicious prosecution claim and, if that motion is unsuccessful, trial. Those efforts can just as easily be expended in a Tennessee state court, with no duplication at all.

Third, this case involves novel issues of state law. In Tennessee courts, as in federal courts, the torts of false arrest/imprisonment and malicious prosecution are analytically distinct. *See Sullivan v. Young*, 678 S.W.2d 906, 909-10 (Tenn. Ct. App. 1984); *Ross v. Gunter*, 1986 Tenn. App. LEXIS 3474, *6-10 (Tenn. Ct. App. Dec. 17, 1986) (copy attached). While in Tennessee, one may be subject to **imperfect** legal process and maintain a claim of malicious prosecution, Defendants' counsel has found no Tennessee cases to suggest that being arrested pursuant to **no process**, as is the case here, would give rise to a malicious prosecution claim. In fact, *Sullivan v. Young* suggests otherwise, noting that "where the process on which an arrest is made is regular and legal in form and issued by a court of competent authority, but is sued out maliciously and without probable cause, the remedy is an action for malicious prosecution." 678 S.W.2d at 909. On the other hand, "a suit for false arrest or imprisonment is the proper action where the aggrieved party is arrested without legal authority, as where he is arrested pursuant to process that is void." *Id*.

If Mr. Parker is entitled to judgment in this case, it will require this Court to establish either that he was subject to legal process or that Tennessee's malicious prosecution tort does not require legal process. These are both novel questions of state law. As such, the Court should decline supplemental jurisdiction over this case so that Tennessee courts can consider these issues.

4

**2. Alternatively, the Court should permit Defendants to supplement their motion for summary judgment because Officer Robertson and Detective Rice's lack of "participation" in the prosecution is equally dispositive of Mr. Parker's state law claim.**

If the Court retains jurisdiction, Defendants are entitled to summary judgment on Plaintiff's state law claim, as well, based on the undisputed evidence already in the trial court record. Thus, Defendants respectfully request permission to supplement their summary judgment motion to raise two defenses that were equally dispositive of Plaintiff's federal claim, namely, their lack of "participation" in Mr. Parker's prosecution and the absence of any "legal process." Because the facts relevant to these defenses were fully developed at summary judgment, and the defenses would be raised in a motion pursuant to Rule 50 of the Federal Rules of Civil Procedure at the close of Plaintiff's proof at trial, judicial economy weighs in favor of resolving these remaining claims in a supplemental summary judgment motion.[3]

First, as this Court found at summary judgment, "it is undisputed that Officer Robertson neither testified nor spoke to the prosecutor about [Mr. Parker's] case." (Mem. Op'n at 15, Doc. No. 54.) Additionally, "Parker has not shown that the prosecutor at the preliminary hearing relied on, or even possessed, Officer Robertson's citation." (*Id.*) But under Tennessee law, where a private defendant "had no control over" a prosecution and "took no active part in procuring the continuation" of a prosecution, the defendant cannot be held liable for malicious prosecution. *Bovat v. Nissan of N. Am.*, 2013 Tenn. App. LEXIS 736, *9-*10 (Tenn. Ct. App. Nov. 8, 2013) (copy attached) ("When the instigator of a criminal proceeding loses control of the case, his subsequent

---

[3]    In fact, the record as to these defenses was developed and produced at summary judgment. So, while Defendants would not object to Plaintiff filing a supplemental response as this new issue, a protracted briefing schedule is unnecessary and, assuming the Court's calendar will permit, a continuance of the trial should not be necessary to resolve this issue.

5

participation does not subject him to liability."). This rationale applies equally to Officer Robertson. At bottom, Officer Robertson played no role in prosecuting Mr. Parker, that is, bringing legal process against him. *See Jones v. McMurray*, 2001 Tenn. App. LEXIS 698, *9 (Tenn. Ct. App. Sept. 20, 2001) ("a plaintiff must show that: (1) a prior suit **or judicial proceeding** was brought against plaintiff without probable cause; (2) **defendant brought such prior action** with malice . . . ."). In fact, even though Officer Robertson signed the citation against Mr. Parker, because "Parker has not shown that the prosecutor at the preliminary hearing relied on, or even possessed" that citation (Mem. Op'n at 15, Doc. No. 54), Mr. Parker cannot show that Officer Robertson put the prosecution in motion. Consequently, there is no evidence in the record to support a state law claim for malicious prosecution against Officer Robertson.

Second, Mr. Parker's only arguments against Detective Rice for having purportedly participated in his prosecution are that she put the arrest in motion by signaling the takedown and that she testified against Mr. Parker during the preliminary hearing. The takedown signal, however, relates to Mr. Parker's false arrest claim, which he did not file timely. As for Detective Rice's testimony, she is absolutely immune under state law, as well. *Lucas v. State*, 141 S.W.3d 121, 133 (Tenn. Ct. App. 2004). Just as for Officer Robertson, there is no evidence to support a state law malicious prosecution claim against Detective Rice.

## CONCLUSION

For the reasons stated above, Defendants request that this Court reconsider its decision to retain supplemental jurisdiction over Plaintiff's state law malicious prosecution claims or, alternatively, permit Defendants to supplement their summary

6

judgment motion with two dispositive legal arguments that have already been briefed by the Parties. Defendants submit that these matters can be resolved in advance of the current trial date and judicial economy weighs in favor of resolving them now rather than empaneling a jury only to have the matters resolved at the close of Plaintiff's proof.

Respectfully submitted,

THE DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
SAUL SOLOMON (#11689)
DIRECTOR OF LAW

/s/ R. Alex Dickerson
Allison L. Bussell, #23538
James E. Robinson, #24680
R. Alex Dickerson, #27184
Assistant Metropolitan Attorneys
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6341

## CERTIFICATE OF SERVICE

This is to certify that the foregoing has been delivered via the court's electronic filing system on this the 4th day of August, 2014 to:

Kenneth Redditt
707 18th Avenue S.
Nashville, Tennessee 37203
*Counsel for Plaintiff*

/s/ R. Alex Dickerson
R. Alex Dickerson

7