UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **DEJUAN PARKER,** | ) | |
| | ) | |
| Plaintiff, | ) | **Case No. 3:11-cv-0332** |
| | ) | **Judge Aleta A. Trauger** |
| v. | ) | |
| | ) | |
| **JOSHUA ROBERTSON, JAIME RICE,** | ) | |
| **METROPOLITAN GOVERNMENT OF** | ) | |
| **NASHVILLE AND DAVIDSON COUNTY,** | ) | |
| **TENNESSEE, and JOHN DOES,** | ) | |
| | ) | |
| Defendant, | ) | |

## MEMORANDUM & ORDER

On July 30, 2014, the court granted in part and denied in part the Motion for Summary Judgment filed by remaining defendants Joshua Robertson and Jaime Rice (the "defendants"). (*See* Docket Nos. 54 (Memorandum) and 55 (Order).) The court held (1) that Parker's federal malicious prosecution claims failed on the merits for multiple reasons, and (2) that the court would exercise its discretion under 28 U.S.C. § 1367 to maintain supplemental jurisdiction over the remaining Tennessee state law malicious prosecution claims. The defendants have filed a Motion for Reconsideration of the court's decision to exercise continuing supplemental jurisdiction over the state law claims (Docket No. 56), to which Parker filed a Response in opposition (Docket No. 58), and the defendants filed a Reply (Docket No. 61).

While the Federal Rules of Civil Procedure fail to explicitly address motions to reconsider interlocutory orders, "[d]istrict courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959

1

(6th Cir. 2004) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)); *see also In re Life Investors Ins. Co. of Am.*, 589 F.3d 319, 326 n.6 (6th Cir. 2009) ("[A] district court may always reconsider and revise its interlocutory orders while it retains jurisdiction over the case." (citing *Rodriguez*, 89 F. App'x at 959, and *Mallory*, 922 F.2d at 1282). Thus, district courts may "afford such relief from interlocutory orders as justice requires." *Rodriguez*, 89 F. App'x at 959 (internal quotations marks and brackets omitted). Courts traditionally will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error of law or prevent manifest injustice." *Louisville/Jefferson Cnty., Metro. Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (citing *Rodriguez*, 89 F. App'x at 959). This standards "vests significant discretion in district courts." *Rodriguez*, 89 F. App'x at 959 n.7.

In the court's previous opinion concerning the Motion for Summary Judgment, the court expressed concern that, given the duration of this lawsuit, Parker's state law malicious prosecution claims might be time-barred if the court were to dismiss them without prejudice. As the government points out, the court's concern was incorrect: under 28 U.S.C. § 1367(d), Parker will have 30 days in which to refile his Tennessee claims in state court upon dismissal without prejudice by this court. *See In re Vertrue Mktg. & Sales Practices Litig.*, 719 F.3d 474, 480-82 (6th Cir. 2013).[1] The court also erred in concluding that the issue did not present a novel issue of state law: to the contrary. To the contrary, the case appears to involve at least two unsettled issues of Tennessee law: (1) whether Parker was subject to "legal process" under Tennessee law,

---

[1] The court notes that, if refiled in state court within 30 days, a plaintiff's claims are not foreclosed in state court only to the extent they were not already foreclosed in the federal court. *See In Re Vertrue*, 719 F.3d at 480-82.

which allows for malicious prosecution claims premised on imperfect legal process, or, in the alternative, (2) whether Parker can maintain a claim for malicious prosecution under Tennessee law in the absence of process.

Accounting for these corrections, the court must reconsider its previous analysis of the § 1367 jurisdictional factors. Section 1367 provides that a district court may decline to exercise supplemental jurisdiction if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). "The district court should consider such factors as comity, judicial economy, convenience, and fairness in deciding whether to exercise supplemental jurisdiction over pendent state law claims, as well as the avoidance of unnecessarily deciding state law." *Fossyl v. Milligan*, 317 F. App'x 467, 473 (6th Cir. 2009). If the balance of these factors indicates that a case properly belongs in state court, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). As a general matter, "[a] federal court that has dismissed a plaintiff's federal-law claims should ordinarily not reach the plaintiff's state law claims." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006); *see also Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007) ("[R]esidual supplemental jurisdiction should be exercised sparingly, to avoid needless decisions of state law."); *Hankins v. The Gap., Inc.*, 84 F.3d 797, 803 (6th Cir. 1996); *Gaff v. Fed. Deposit Ins. Corp.*, 814 F.2d 311, 319 (6th Cir. 1987). "Residual jurisdiction should be exercised only in cases where interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." *Moon*, 465 F.3d at 728. Accordingly, there is a "strong presumption" against the exercise of supplemental jurisdiction once all federal claims have been dismissed. *Packard v. Farmers Inc. Co. of Columbus*, 423 F. App'x 580, 584 (6th Cir. 2011).

Here, the balance of factors weighs in favor of dismissing the state law claims. Comity favors permitting a Tennessee court to adjudicate the remaining state law claims, particularly where the claims appear to implicate novel, or at least unresolved, issues of Tennessee law. Furthermore, although the court has expended significant resources addressing the now-dismissed federal claims in this case, the court has not addressed the merits of the state law claims, which the parties did not previously brief. The fact that neither court nor the parties have expended significant time or effort briefing the merits of the state law malicious prosecution claims is a factor favoring dismissal. *See Packard*, 423 F. App'x at 585. In terms of fairness, Parker will have the opportunity to refile his state law claims in state court within 30 days of dismissal, obviating the court's previous (and paramount) concern that a dismissal without prejudice would effectively bar him from pursuing the claims in state court. Finally, although Parker will be required to pay a filing fee to file a new action, that factor is always present when a court considers whether to decline to exercise supplemental jurisdiction over remaining state law claims, and carries negligible weight here. Furthermore, although dismissing the claim will postpone Parker's trial date (to a date that a Tennessee state court will set), the court has no reason to assume that Parker will be required to duplicate efforts in state court. *See Hankins*, 84 F.3d at 797. If anything, the state court is likely to consider issues that this court has not yet addressed: namely, whether Parker's claims under Tennessee state law are viable based on the existing factual record. In sum, the court has reconsidered its previous decision and finds that the relevant factors strongly favor dismissal of the state law claims without prejudice.

For the reasons stated herein, the defendant's Motion for Reconsideration (Docket No. 56) is **GRANTED**, and the court's July 30, 2014 Order (Docket No. 55) is **VACATED IN PART** to reflect reconsideration of the court's findings related to supplemental jurisdiction. The

4

defendants' Motion for Summary Judgment (Docket No. 41) is therefore **GRANTED** in full, the court hereby declines to exercise residual supplemental jurisdiction over Parker's state law malicious prosecution claims, and Parker's state law claims are hereby **DISMISSED WITHOUT PREJUDICE**. Entry of this Order constitutes judgment in the case. Accordingly, the Clerk is directed to close all pending motions on the case docket.

It is so **ORDERED**.

Enter this 23rd day of September 2014.

_____
ALETA A. TRAUGER
United States District Judge